IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMELY REYES MARTINEZ, for herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VROOM, INC., VROOM AUTOMOTIVE, LLC, and JOHN DOES 1-100,<br><br>Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-cv-07631<br><br>Removed From:<br>Supreme Court of the State of New York for the County of New York<br><br>Index No. 652684/2022 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446 and 1453, Defendants Vroom Automotive, LLC and Vroom, Inc. (collectively, "Defendants") give notice of their removal of the putative class action filed as Case No. 652684/2022 in the Supreme Court of the State of New York for the County of New York to the United States District Court for the Southern District of New York.

As set forth below, removal is appropriate because (i) the federal district court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d); and (ii) there is complete diversity of citizenship under 28 U.S.C. § 1332(a) between the only named parties—Plaintiff and Defendants—and the alleged amount in controversy of Plaintiff's individual claims exceeds the $75,000 jurisdictional threshold.

## FACTUAL BACKGROUND

1.  On or about August 1, 2022, Plaintiff Emely Reyes Martinez ("Plaintiff") filed a class action Complaint (the "Complaint") against Defendants in the Supreme Court of the State of New York for the County of New York, captioned *Emely Reyes Martinez, for herself and all others*

1

*similarly situated, v. Vroom Inc., Vroom Automotive, LLC, and John Does 1-100*, Index No. 652684/2022 (the "State Court Action").  True and correct copies of the state court docket sheet and the Complaint are attached hereto as Exhibits 1 and 2, respectively.  Plaintiff served Vroom, Inc. and Vroom Automotive, LLC with copies of the Complaint on August 8, 2022.  *See* Ex. 3, Summons; Exs. 4-5, Affidavits of Service.

2.   On September 7, 2022, Plaintiff filed the First Amended Complaint (the "Amended Complaint").[1]  A true and correct copy of the Amended Complaint is attached hereto as Exhibit 6.  Upon information and belief, neither Defendant has been served with the Amended Complaint.

3.   In the State Court Action, Plaintiff alleges that she is a "resident of Bronx, New York."  Ex. 6, ¶ 6.

4.   Plaintiff alleges that Vroom Automotive, LLC is a "Texas corporation" with its principal place of business in Texas.  *Id.* ¶ 8.

5.   Plaintiff alleges that Vroom, Inc. is a corporation "organized under the laws of Delaware" that "lists" New York, New York as "its principal place of business" on "its most recent Annual Report on Form 10-K filed with the SEC."  *Id.* ¶ 7.  As reflected in Vroom, Inc.'s SEC filings as of June 2022, however, Vroom, Inc.'s principal place of business is Houston, Texas.  *See, e.g.*, Ex. 7, Vroom, Inc. June 2022 Form 8-K, at 1; Ex. 8, Vroom, Inc. Q2 2022 Form 10-Q (Excerpt), at 1.[2]

6.   Plaintiff also alleges that "'John Does 1-100' are entities which are not currently

---

[1] The Amended Complaint alleges the same claims averred in the Complaint, but includes an additional claim for alleged violation of the Magnuson-Moss Warranty Act based on Defendants' purported breach of a written warranty for repair and replacement of parts. Ex. 6, ¶ 44.

[2] The Court may take judicial notice of Vroom, Inc.'s SEC filings. *See Royalty Network Inc. v. Dishant.com, LLC,* 638 F. Supp. 2d 410, 421 n. 7 (S.D.N.Y. 2009); *see also Powell v. Delta Airlines,* 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015).

2

known to Plaintiff, but which may become known through discovery in this action." Ex. 6, ¶ 9.

7.     Plaintiff claims that Defendants violated the Magnuson-Moss Warranty Act ("MMWA") by "breaching their warranty of good title" and "depriv[ing] Plaintiffs and class-members of the value of the limited written warranties." *Id.* ¶¶ 45, 52, 65. Plaintiff asserts three causes of action for the alleged MMWA violations, for (i) "money damages"; (ii) "equitable relief"; and (iii) "repair and replacement warranty coverage." *Id.* ¶¶ 38-72.[3]

8.     For her "money damages" claims, Plaintiff seeks to represent herself and a nationwide class of "[a]ll consumers in the United States who purchased a vehicle from Defendants, in the four years prior to the filing of this action and through the date of class certification, who did not receive, within 30 days after the purchase of such vehicle, good title to such vehicle from Defendants." *Id.* ¶ 62.

9.     For her "equitable relief" claims, Plaintiff seeks to represent herself and a nationwide class of "[a]ll consumers in the United States who purchased a vehicle from Defendants, in the four years prior to the filing of this action and through the date of class certification, who did not receive good title to such vehicle from Defendants as of the date hereof." *Id.* ¶ 49.

10.    For her "repair and replacement warranty coverage" claims, Plaintiff seeks to represent herself and a nationwide class of "[a]ll consumers in the United States who purchased a vehicle from Defendants, in the four years prior to the filing of this action and through the date of class certification, to whom Defendants provided a written warranty for repair and replacement of

---

[3] Plaintiff cites to a provision of the Florida Uniform Commercial Code as the basis for her allegation that "In selling to Named Plaintiff the Vehicle, Defendants provided a warranty of good title[.]" Ex. 6, ¶ 14 (citing Fla. Stat. § 672.312). Defendants do not concede that Florida law governs this action. For purposes of this Notice of Removal, Defendants address the causes of action as they are alleged in the State Court Action.

covered parts, where such warranty was limited in duration, where such consumers did not receive, within 30 days after the purchase of the vehicle, good title to such vehicle from Defendants." *Id.* ¶ 39.

11. Plaintiff alleges that "[m]embers of the classes are so numerous that joinder is impractical," and that she was "told by a customer service representative that thousands of other customers had the same problem as Plaintiff." *Id.* ¶ 29.

12. Plaintiff seeks the following relief from Defendants, among others: (i) money damages caused by Defendants' alleged violations of the MMWA, including "lost money in payments made for useless vehicles, interest on loans for useless vehicles, parking violations for unregistered vehicles, and costs of parking and maintenance on useless vehicles," and "the value of the coverage for repair and replacement for mechanical breakdown of covered parts"; (ii) equitable relief in the form of "improved processes and procedures at Vroom that assure good title is rightfully transferred to consumers at large"; (iii) further equitable relief including a "surcharge"; (iv) "creation of a common fund to provide notice of and remedy" Defendants' alleged unlawful conduct; (v) attorneys' fees, expenses and costs; and (vi) interest as allowed by law. *See id.* ¶¶ 47, 55, 67, Prayer for Relief.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS APPROPRIATE UNDER THE CLASS ACTION FAIRNESS ACT

13. Under CAFA, federal courts have original and removal jurisdiction over certain class actions if: (i) the class has more than 100 members, (ii) the parties are minimally diverse, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (iii) the amount in controversy exceeds $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(1), (d)(2), (d)(5)(B); 28 U.S.C. §§ 1441(a), 1453. The Supreme Court has explained that CAFA's provisions are to be read broadly and that "no antiremoval presumption

attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A notice of removal is sufficient if it makes a plausible allegation that the requirements of CAFA are satisfied. *Id*. Each of the CAFA requirements is present here.

### A. The Proposed Class Has More Than 100 Members

14. Plaintiff alleges that the proposed classes are comprised of "thousands" of consumers nationwide. *See* Ex. 6, ¶¶ 2 ("Thousands of others nationwide who believed they were purchasing vehicles have had the same experience, and now find themselves incurring tickets and off-street parking costs on a mass scale for vehicles they legally cannot drive."), 29 ("In one phone call with United Auto, Plaintiff was explicitly told by a customer service representative that thousands of other consumers had the same problem as Plaintiff.").

15. Based on Plaintiff's class size estimate, the proposed classes each independently satisfy the minimal requirement of 100 putative members. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (defendant was entitled to rely on plaintiff's allegation that she "believed" there were "hundreds" of members of the class as an assertion that there were at least 200 class members to satisfy CAFA numerosity requirement); *see also Henry v. Warner Music Grp. Corp.*, 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (in determining whether a removing defendant has met its burden to show CAFA jurisdiction, courts "look first to plaintiffs' complaint" (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

### B. Minimal Diversity Is Present Here

16. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). For purposes of CAFA, an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A corporation is "deemed to be a citizen of every State and foreign state

by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

17. Plaintiff, who seeks to represent the proposed classes, alleges that she is a resident of New York. Ex. 6, ¶ 6. Upon information and belief, Plaintiff is a resident of New York, is domiciled in New York, and thus is a citizen of New York for purposes of diversity jurisdiction.

18. Neither Defendant is a citizen of New York. Vroom Automotive, LLC is a Texas limited liability company with its principal place of business in Texas. *Id.* ¶ 8. Vroom, Inc. is a Delaware corporation with its principal place of business in Texas. *See supra* ¶ 5. Defendants are citizens of either Texas or Delaware for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332(d).

19. Thus, there is minimal diversity as required for CAFA—*i.e.*, at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million In the Aggregate

20. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §1332(d)(6). For a movant to satisfy its burden to show that the amount in controversy requirement is met, "[t]here is a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Henao v. Parts Authority, LLC*, 2020 WL 5751175, at *6 (S.D.N.Y. Sept. 25, 2020) (quoting *Colavito v. N.Y. Organ Donor Network, Inc.,* 438 F.3d 214, 221 (2d Cir. 2006)). This presumption is not defeated merely because it is possible that damages might be less than $5 million—rather, to rebut this presumption, there must be "a legal certainty that the plaintiff could not recover the amount alleged[.]" *Id.* (quoting *Pyskaty v. Wide World of Cars, LLC,* 856 F.3d 216, 223 (2d. Cir. 2017)). Where, as here, Plaintiff does not allege a specific dollar amount in

damages, Defendants need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S.Ct. at 554.  Likewise, if "the pleadings themselves are inconclusive as to the amount in controversy[,] federal courts may look outside those pleadings to other evidence in the record." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

21.     In the State Court Action, Plaintiff seeks, among other relief: (i) money damages including for money that class members allegedly have lost in "payments made for useless vehicles, interest on loans for useless vehicles, parking violations for unregistered vehicles, and costs of parking and maintenance on useless vehicles," and "the value of the coverage for repair and replacement for mechanical breakdown of covered parts," Ex. 6, ¶¶ 47, 67; (ii) equitable relief, including "improved processes and procedures at Vroom that assure good title is rightfully transferred to consumers at large" and the "creation of a common fund to provide notice of and remedy Defendants' unlawful conduct," *id.* ¶¶ 55, 60, Prayer for Relief; and (iii) "[a]ttorneys' fees, expenses and costs of this action," *id.*, Prayer for Relief.

22.     Defendants deny any and all liability and contend that Plaintiff's allegations are entirely without merit.  For purposes of this Notice of Removal, however, Plaintiff's factual and legal allegations in the State Court Action on their face meet CAFA's amount in controversy requirement.

23.     **Money Damages**:  Although Plaintiff does not attempt to quantify any alleged "money damages" arising from Defendants "breaching their warranty of good title" or "written warrant[y] for repair or replacement of covered parts," she claims, among other things, that the vehicle she purchased is "useless – indeed *worse* than useless," and that she and the proposed class members have "lost money in payments made for useless vehicles, interest on loans for useless

7

vehicles, parking violations for unregistered vehicles, and costs of parking and maintenance on useless vehicles." *Id.* ¶¶ 26, 47, 67 (emphasis in original).

24. Based on Plaintiff's assertion that there are "questions of law and fact common to class members within each of the class claims," and that her claims—arising from her purchase of an allegedly "worse than useless" vehicle—are "typical" of the claims of the class, it would only take a class of 251 members to exceed the amount in controversy requirement (251 x $20,000 = $5,020,000).[4] *Id.* ¶¶ 2, 26, 34, 35. Assuming the proposed "nationwide" class for "money damages" consists of just 2,000 members (the lowest number assuming "thousands" of class members), alleged damages of a mere $2,500 per member (or approximately 13% of the lowest average transaction price for used vehicles during the relevant period) would satisfy CAFA's amount in controversy requirement. *Id.* ¶¶ 2, 26, 34, 35.

25. **Equitable Relief**: Plaintiff also seeks equitable relief in the form of "improved processes and procedures at Vroom that assure good title is rightfully transferred to consumers at large," the "creation of a common fund to provide notice of and remedy Defendants' unlawful conduct," and an unspecified "surcharge," among others. *Id.* ¶ 55, Prayer for Relief. When a plaintiff seeks equitable relief, "the amount in controversy should be measured strictly from the plaintiff's perspective, without regard to the amount at stake for any other party." *Leyse v. Domino's Pizza LLC*, 2004 WL 1900328, at *3 (S.D.N.Y. Aug. 24, 2004) (quoting 15 Moore's

---

[4] Plaintiff asserts claims on behalf of a proposed class "of similarly situated individuals" who "purchased a vehicle from Defendants in the four years prior to the filing of" her suit and "through the date of class certification." Ex. 6, ¶¶ 9-10, 39, 49, 62. The average transaction price for used vehicles in 2018 (*i.e.*, four years prior to the filing of her suit in 2022) was $20,100. *See* Edmunds Used Vehicle Report (2019), https://static.ed.edmunds-media.com/unversioned/img/industry-center/insights/2019-used-vehicle-report.pdf. The average transaction price for used vehicles has steadily increased in subsequent years and exceeded $28,000 at the end of 2021. *See, e.g.* Sean Tucker, *Average New Car Price Now Over $28,000*, Jan. 21, 2022, https://www.kbb.com/car-news/average-used-car-price-now-over-28000/.

Federal Practice – Civil § 102.109[3]). At the very least, Plaintiff's claim for an equitable surcharge—a form of monetary relief—would only increase the amount in controversy.

26. **<u>Attorneys' Fees and Costs</u>**: Plaintiff also seeks "interest and attorneys' fees and costs, and costs for this action." Ex. 6, ¶ 27. The MMWA allows a court to award a prevailing consumer "cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred . . . ." 15 U.S.C. § 2310(d)(2). One of Plaintiff's two attorneys of record in this action, Gabriel Posner, has sought fees in nationwide consumer class actions based on an hourly billing rate of $450 to $575. *See Stewart v. Early Warning Services*, 2:18-cv-03277-CCC-SCM (D.N.J.), April 13, 2020 Declaration of Gabriel Posner, Dkt. No. 43-2, ¶¶ 5, 11 (seeking total fees of $925,000 at the rate of $575 per hour for the law firm of Posner Law PLLC in a consumer protection case involving two nationwide classes); *Rodriguez v. Experian Information Solutions, Inc. and AllianceOne Receivables Management, Inc.*, 2:15-cv-01224-RAJ (W.D. Wash.), May 24, 2019 Plaintiff's Motion, Dkt. No. 60-1, at 7 and Declaration of Gabriel Posner, Dkt. No. 60-3, ¶ 13 (seeking fees for Posner Law PLLC at the rate of $575 per hour and a joint total fee for class counsel in the amount of $733,333); *Muir v. Early Warning Services,* LLC, 2:16-cv-521-SRC (D.N.J.), May 8, 2018 Declaration of Gabriel Posner, Dkt. No. 126-4, ¶ 12 (seeking fees at the rate of $450 per hour). Adding any attorneys' fees that Plaintiff's counsel may seek likewise would only increase the amount in controversy.

II. **REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1441 BASED ON TRADITIONAL DIVERSITY JURISDICTION**

27. This case may also be removed pursuant to 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between the parties, and (ii) the amount in controversy exceeds $75,000.

### A. There Is Complete Diversity Between Plaintiff And Defendants

28. Plaintiff is a citizen of New York for purposes of diversity jurisdiction because she is a resident of Bronx, New York. Ex. 6, ¶ 6; *see also Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile.")

29. Neither Defendant is a citizen of New York. Vroom Automotive, LLC is a Texas limited liability company with its principal place of business in Texas. Ex. 6, ¶ 8. Vroom Automotive, LLC's sole member is Vroom, Inc. *See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (a limited liability company takes the citizenship of all of its members for purposes of diversity jurisdiction).

30. Vroom, Inc. is incorporated under the laws of Delaware. Ex. 6, ¶ 7. Vroom, Inc.'s principal place of business is Houston, Texas. *See* Exs. 7 and 8. Vroom, Inc. is therefore a citizen of Delaware and Texas, not New York. 28 U.S.C. § 1332(c)(1) ("For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and that State in which it has its principal place of business.").

31. Thus, complete diversity of citizenship exists between Plaintiff and Defendants.

### B. The Amount In Controversy Exceeds $75,000

32. Where "the Complaint does not plead a specific amount of damages," the party seeking removal "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount" of $75,000 "by a preponderance of the evidence." *Hager v. Steele*, 2020 WL 4345735, at *1 (S.D.N.Y. July 29, 2020) (citations omitted). "The Second Circuit generally evaluate[s] jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Id.* (citations omitted).

33. As discussed above, the value of the monetary and equitable relief Plaintiff seeks

10

in connection with her purchase of a Jeep Grand Cherokee—which includes "lost money in payments made for useless vehicles, interest on loans for useless vehicles, parking violations for unregistered vehicles, and costs of parking and maintenance on useless vehicles," and "the value of the coverage for repair and replacement for mechanical breakdown of covered parts"—would amount to many tens of thousands of dollars. Ex. 6, ¶¶ 47, 67. When coupled with her claim for attorneys' fees, and based on her counsel's history of billing at a rate of roughly $450 to $575 per hour, the $75,000 threshold is met on her individual claims. *See Scottsdale Ins. Co. v. Acceptance Indemnity Ins. Co.*, 2019 WL 6498316, at *4 (S.D.N.Y. Dec. 3, 2019) (looking to complaint and extrinsic evidence to determine that amount in controversy requirement has been met).

## COMPLIANCE WITH REMOVAL STATUTE

34. The Notice of Removal was properly filed in the United States District Court for the Southern District of New York, because the Supreme Court of New York for the County of New York is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

35. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. §1446(a).

36. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 2-6, are true and correct copies of the Complaint and Amended Complaint and all process, pleadings, and orders served or filed in the State Court Action. Defendants have not filed an answer or other response in the Supreme Court of New York for the County of New York and are not aware of any currently pending motions in that court.

37. The Complaint was served on Defendants on August 8, 2022. Exs. 4-5. This Notice of Removal is being filed on September 7, 2022, and is therefore timely under 28 U.S.C. §1446(b)(1). *See Mogul v. New York Pub. Radio*, 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) (discussing that the 30-day clock for removal cannot be triggered until defendant is served).

38. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, shall be filed with the Clerk of the Supreme Court of New York for the County of New York.

39. Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve all rights and defenses, including those available under the Federal Rules of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

## CONCLUSION

40. Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Supreme Court of New York for the County of New York. Defendants further request such other relief as the Court deems appropriate.

Dated: September 7, 2022
       New York, New York

Respectfully submitted,

LATHAM & WATKINS LLP

By:  /s/ Eric F. Leon
     Eric F. Leon
     Jooyoung Yeu
     1271 Avenue of the Americas
     New York, NY 10020
     Telephone: (212) 906-1200
     Facsimile: (212) 751-4864
     Email: eric.leon@lw.com
            jooyoung.yeu@lw.com

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.

   William W. O'Connor (*pro hac vice* forthcoming)
   Jerrick L. Irby (*pro hac vice* forthcoming)
   320 South Boston Avenue, Suite 200
   Tulsa, OK  74103-3706
   Telephone: (918) 594-0400
   Facsimile: (918) 594-0505
   Email: boconnor@hallestill.com
          jirby@hallestill.com

   and

   Jon A. Epstein (*pro hac vice* forthcoming)
   Carson Glass Lamle (*pro hac vice* forthcoming)
   100 North Broadway, Suite 2900
   Oklahoma City, OK 73102-8865
   Telephone: (405) 553-2828
   Facsimile: (405) 553-2855
   Email: jepstein@hallestill.com
          clamle@hallestill.com

*Attorneys for Defendants Vroom Automotive, LLC and Vroom, Inc.*